Good afternoon, Your Honor. May it please the Court, Counsel. This case presents a very narrow issue. Whether Scott Rossow has met the low threshold for avoiding summary dismissal by making an arguable and negligent plea to the Supreme Court is a matter for the Court to decide. Scott Rossow has made a non-frivolous claim of ineffective assistance of his trial attorney, who he alleges failed to present a couple of pieces of evidence, additional testimony by one of the State's witnesses, Elizabeth Marco. Elizabeth, as I said, was a witness for the State, and she testified briefly at trial about picking up her boyfriend, Christopher Summers, on the night of the fatal crash and then dropping him off to meet Scott and his brother David. In his post-conviction petition, Scott identifies a couple of pieces of evidence that his trial attorney could have investigated and presented when Elizabeth testified at trial that would have made his defense a lot stronger. And the first piece of evidence was that Christopher told Elizabeth that night that he intended to drive Scott and David home because they were drunk. Obviously, the only contested issue in this case was who was driving the car at the time of the fatal accident. So how is he going to get that in the evidence? The statement from Christopher to Elizabeth? Pardon? The statement from Christopher to Elizabeth? I'm sorry, the statement from Christopher to Elizabeth, you're asking how that would come into evidence? Uh-huh. That would come in under the hearsay exception for statements of intent. The hearsay exception goes back to a case from 1892 in the U.S. Supreme Court, Hillman v. Life Insurance Company. But it's been well established in Illinois that when a declarant makes a statement about some action that they intend to take in the future, there's a hearsay exception allowing the person who heard that statement to testify about what that statement was. And that statement of intent to do some act in the future is admissible to prove that the person actually took that act. It's circumstantial evidence that the person... Does it make any difference if the declarant's dead? Actually, in a lot of the cases, they do involve declarants who are dead, often homicide victims and cases like that, where either the state or the defense is seeking to introduce some statement by that deceased person about the fact that they intended to go to some location or do some act. And, you know, regardless of whether they're dead, that statement can come in to prove, as circumstantial evidence, that not just that they had that intent, but that they actually carried out that intent and did that act. And so that's what the exception would allow here. Elizabeth could have testified that Christopher told her that he intended to drive Scott and David home that night, and that would have been circumstantial evidence that he actually carried out that intent and indeed did drive them. Was there an affidavit from the girlfriend attached to the... From Elizabeth. There was not. And in our position, as we've talked about... The girlfriend told him that the boyfriend told her. Correct. So it's double or triple hearsay. There's double hearsay, right? So there's a statement from Christopher to Elizabeth, from the decedent to his girlfriend. So how is that admissible? Well, that layer is admissible for the reasons I just said under the hearsay exception for statements of intent. The second layer of hearsay, that's Elizabeth's statement to Scott, to the defendant. We're not alleging that Scott would be permitted to testify about that. All we're alleging is that his affidavit, that second layer of hearsay, isn't a sufficient reason to summarily dismiss his petition. And here it's the case of People v. Allen, which was decided by the Ono Supreme Court just, I believe, in May, around the time I filed my requirements after the state filed its response brief. And Allen's very important because it held that when we analyze... At the first stage, at least. At the first stage, when we're analyzing whether supporting documentation is sufficient to get the defendant past summary dismissal, we're not looking at whether that supporting documentation is itself in the form of admissible evidence nor whether it's reliable evidence. That's what we decide later on. What we're looking at... That doesn't mean... But Allen doesn't necessarily mean that there's no concern about admissibility. You worry about whether the form is in... So let's just assume the form's not in there. But this... What's the relevance of what was said at a dinner two weeks earlier about somebody's driving? Well, okay, so that's the second piece of evidence. The first piece is Christopher's statement to Elizabeth that he intended to drive home that night. But there was no second one about so-and-so drove home that night. The second one... So if you take that first piece of evidence, actually that creates an inference that Christopher was the one who was driving that night. The second piece of evidence just makes that inference stronger. But how do you get it in? Well, that one doesn't have hearsay problems. There we have Elizabeth herself was with Christopher in the car at that time a few weeks earlier, and she actually saw him driving. But how's that... What's that got to do with the way he was... If he was driving or whether he was driving on the night in question? Well, because the car... The way that he drove the car a few weeks earlier... Isn't that a prior bad act, if nothing else? I mean, you're going to say, gee, this guy drove recklessly two weeks ago. Well, so-and-so said he did. Are you going to put that... Do you think you can get that in front of the jury? I believe you could. I mean, normally when we're worried about prior bad acts, we're worried about the prejudice to a defendant from a jury learning that he has committed other crimes. And then you have to weigh that against the probative value. We don't really have that concern here. Well, actually, in civil cases, it actually applies, too. I mean, it's trying to prove somebody behaved in a certain way. I didn't try many civil cases. That's okay. None, in fact, but a lot of civil cases. So even in a civil case, you can't try to prove somebody acted some way on January 2nd because he acted that way on June 6th of the prior year. Well, it's a matter of weighing. There's not just a percent bar on the admissibility of other kinds of evidence. It's a matter of weighing whether that evidence has some probative value and whether that probative value is greater than the prejudicial effect. When you're dealing with a prior act by someone other than the defendant, obviously the risk of prejudice is much lower, so the balance obviously weighs more in favor of admissibility. And here, the reason that this evidence would be probative is because it would support that inference if Christopher had driven this car in a similar way that it was being driven on the night of the accident. That supports the inference that's created by his statement of intent. If he said that night that he intended to drive home, obviously that creates some inference that he carried out that intent. That inference becomes a lot stronger when you also know that he's driven the car before, and not just that he's driven it before, but that he's driven it in a way that's very similar to how it's being driven now. I think obviously the more important piece of evidence in this case is Christopher's statement to Elizabeth. That's the most powerful piece of evidence for the defense here. The second piece just supports that. But if you look at that first piece of evidence, that does have tremendous relevance in this case. We have a case here where it's just a battle of the experts. There's no direct evidence or circumstantial evidence other than the expert testimony. Can I go back to the first statement? Sure. In the Allen case you're referring to, the unnotarized affidavit was by the purported witness who was going to say that statement. Correct. You don't have that in your case. You've got not something signed by the girlfriend. You've got something signed by the defendant. Right. Now, obviously that makes it very different than Allen, doesn't it? You've got the defendant saying, this person will say that and this person is saying that my boyfriend said that. Okay? Correct. And that makes it different than Allen. I agree it's a factual distinction. I don't think it's a legal distinction. And then the other thing is, with regard to the admissibility of that first statement, I'm trying to figure out under what principle of law. Now, this trial took place before the adoption of the new rules of evidence, I think. Before July 1, 2011. I believe the trial was in 2010, but I'm not certain. But nonetheless, most of the rules, except for the ones that were modernizations and a couple changes mentioned in the preface, most of them were just a recitation of what had always been the law or had been the law on evidence in Illinois. That's correct. And so I'm thinking in the rules of evidence, how would that statement get in? Under what section of the rules of evidence would it get in? I don't know which particular rule. I believe they're – I can't quote a number, but – I mean, this case is very different than Hillman, the old case where the guy was going someplace.  This is that he, in fact, is going to drive. Well, but these are like all kinds of separate factors, that the other people were letting drive, the other person would let him drive his car. You know, this isn't a person, I'm going from New York to New Jersey. But obviously, Hillman has not just been applied just to its facts. Illinois has adopted that rule in Hillman and has said more broadly that a statement of intent to do some act in the future is admissible to show that the declarant actually carried out that intent and acted in conformity. And was his intent to do the act relevant to this case? Absolutely, because if – his intent to drive is admissible as circumstantial evidence that he drove, and the identity of the driver is the only real disputed issue in this case. It's one that we only have expert testimony on. We have a states expert saying he was the driver and a defense expert saying that the scene is too chaotic to draw that conclusion. And so evidence that Christopher intended to drive could be admitted to show that he did indeed drive to support the defense position. Jumping back to Alan, because you also asked about Alan, I believe that the fact – there we have the statement that was purportedly made by the witness himself, a guy named, I think, Robert Langford. It was unnotarized, so we can't be certain that he actually wrote that statement himself. The notarization obviously would confirm the identity of the person making it. But that aside, what the court said in Alan about an unnotarized statement applies equally to a hearsay affidavit here. An unnotarized statement is generally going to be considered less reliable than a notarized statement. By the same token, a hearsay affidavit would generally be considered less reliable than a non-hearsay affidavit. But we're not concerned with reliability at the first stage. And I would also point out that – Well, an unnotarized affidavit is generally not legally inadmissible, isn't it? It is inadmissible, but it can still serve as sufficient supporting documentation at first stage, despite the fact that it's less reliable and inadmissible. Exactly. The notary's signature doesn't really make anything more reliable or unreliable, other than the fact that the person who signed it, they're not notarizing what's in the content. They're just notarizing that the guy that signed it is, you know, it's signed by John Jones and notarizing that it was indeed John Jones who signed it. So it's nothing to do with – and it's just a – that's all that does. But it's not a reliability test. It's just a legally, you know, unnotarized affidavit. Right. Much the way a hearsay affidavit wouldn't be admissible. But, as Alan said, admissibility isn't what we're looking at. And I would also point out, Alan said that an unnotarized affidavit, it has a defect. It's not an unnotarized affidavit. And that's something – Well, if you take Alan, if we construe Alan the way you would like us to, then in a post-conviction, if somebody can send an affidavit, sign an affidavit, that contains all this evidence, clearly inadmissible, never going to come in, and give a hearing based on that when it's clear from the – do you think that's what the Supreme Court really meant? Well – And Alan, as opposed to, hey, look, the guy couldn't get the thing notarized, but the content of it would – you know, in substance, if it were properly notarized, this would be admissible. Well, what Alan said, you wouldn't – just because you get past the first stage doesn't mean you get to a hearing. It just means you get to the second stage. And what Alan said is, at second stage, that's a chance for counsel to remedy any defects in the supporting documentation. So on Alan, they could get a notary before that witness and see if the witness is willing to give a notarized statement. If so, then the case might get to third stage. Here, it's the same thing. We have a defect. We have just hearsay affidavits rather than documentation from Elizabeth herself. That's something that can be remedied at second stage. Counsel can either seek an affidavit from Elizabeth, and if she's not willing to cooperate, then counsel can subpoena her for a discovery deposition at second stage, which is something that post-commission courts have the authority to conduct at second stage. And so at second stage, counsel would have the opportunity to fix whatever defect there is here in the sorting documentation, and if counsel can fix that defect, only then would this case get to another entry hearing. And I'd also point out, I'm not saying that any time a defendant attaches a hearsay affidavit that the defendant automatically gets past first stage review. I think there are particular facts about the affidavits here that make them sufficient. And it's not just the fact that they're hearsay affidavits, but here we have affidavits concerning the potential testimony of a witness who we could reasonably infer wouldn't be willing to cooperate with the defendant. We have a witness whose ex-boyfriend was one of the men that the defendant is now serving time in prison for causing his death. Counsel can ask two more questions. Thank you. Just out of curiosity, you know it's Christopher, right? The boyfriend? Christopher, yes. That's one of his... Was there a... I would assume during the investigation, whether there was an ETOH, and they usually do... I'm not familiar with... Yes, as part of the autopsy. Do you remember what it was? Zero. So he was completely sober, and I think it's an important fact, while Christopher and David both were well over the legal limit. So the fact that he's sober, we might think he would be the most likely person who would have been driving. And the fact that he then tells his girlfriend that he intends to drive makes it even more persuasive that he might have been driving. So had that evidence been presented, that certainly could have made a difference in this case. I'd like to address that evidence and whether it was admissible, because I think the Code of Criminal Procedure has a statute directly on point, and it applies to the admissibility of prior statements when a witness is deceased. It's found at 725 ILCS 5-115-10.4. The effective date of that statute was June 17th of 2005, so it was effective at the time of trial. And subparagraph D reads, any prior statement that sought to be admitted under this section must have been made by the declarant, deceased declarant, under oath at a trial hearing or other proceeding and been subject to cross-examination. I'm not familiar with the entire. Is that one of the forfeiture by wrongdoing statutes? I'm not familiar. No, the rules of evidence do refer to forfeiture by wrongdoing, and the rules of evidence went into effect after the date of the statute. Correct. But it is now codified. I think it's in the rules of evidence 802, and I could be wrong with the forfeiture by wrongdoing statute. So why do you even think this statement was admissible or do you think it was admissible when this statute appears to me to have been in effect? Well, I'm not 100% familiar with that statute. I'd be happy to provide supplemental briefing on it if you'd like. It is going to be important to me whether this statute applies or not. Sure. And what are the other provisions of that statute? It requires that the statement first has to be under oath. Well, I guess my point would be we have an enormous number of hearsay exceptions, both common law and the rules of evidence in our code. Just because a statement doesn't meet the requirements of one hearsay exception doesn't mean it isn't admissible under another hearsay exception. So that's what I would point out here. We have a long-established common law. It's a pretty specific statute that applies when you're trying to admit the prior statement of a deceased person because you can imagine in a criminal setting how many deceased people might incriminate themselves to exonerate somebody convicted. I would just point out that the exception we're relying on, it's a common law exception that's been around both before and after the statement of intent. Do you cite any cases in your brief that involve statements by deceased declarants of an intent to do a future act? I believe both Bartow and Hanson involve deceased declarants. That's a really common, in criminal cases, that's the most common type of statement that's admitted under that exception is a statement by one of the deceased that they were going to go somewhere or do something. Okay. All right. Well, you've answered my question about the statute. I believe I'm a lot out of time. The only reason you want to get it in evidence is the Hillman exception. Correct. As stated in Hanson and Bartow. Correct. That's right. Bartow. That's correct. And so for the reasons I've talked about, we would ask that this Court give Scott the opportunity at second stage to fix any problems in the supporting documentation here. The supporting documentation that he has shows that his claims are capable of objective corroboration and satisfies what Allen requires at the first stage. I've got one last question about the first stage, and that is that what you've got here, the principle you're asking us to apply, is can the defendant file an affidavit saying other people are going to testify a certain way and that just whatever he says or she says justifies getting by the first stage? Not automatically. I think you could permit a hearsay affidavit in a circumstance like this case, in more narrow circumstances, where you have a witness who we can reasonably infer would be unwilling to cooperate with the defendant. And not only that, you can't. I mean, those guys were all friends. Her boyfriend's a dad. Weren't they related? Scott and David were related. They were brothers. They were brothers, but Elizabeth was Christopher's ex-girlfriend. Christopher was just a friend of Scott and David's. There's no indication that they had a particularly close relationship with Elizabeth herself. And I would also point out that this is a prosecution that took a while to develop. After the crash, it was about a year and a half until Christopher was charged. So maybe at some early point in time, Elizabeth was willing to tell Christopher these things, but now that he's been convicted of this, now that she's served as a witness for the state, she is more adverse and might not be willing to cooperate. And not only that, the affidavits here, unlike the ones in the case cited by the state, which was Peeble v. Coleman, those hearsay affidavits don't explain how the defendant, who signed the affidavit in that case, how he knew what the witness's testimony would be. Here you have Scott and Whitney saying, Elizabeth herself told us these things. We know the basis for their knowledge. They delineate in detail what her testimony would be, and she is an adverse witness who might be unwilling to cooperate. They can't delineate what her testimony would be. Only she can. They can say that she didn't. They can delineate what she told them, which allows us, under Allen, to determine that the claims in the petition have a source of evidence, that there is a source of evidence available. Allen doesn't envision this cramped first stage review where we're closely looking at whether evidence is admissible or not, and that's the only issue. All we're looking at is whether there's some sort of evidence out there that could corroborate plausible claims that a defendant is making in his petition. And it's plausible here that Christopher would have told Elizabeth this and that Elizabeth would have told Scott at one point in time, but that she's now unwilling to cooperate. I'll reserve some time for rebuttal. Thank you. Before you walk away, I want to point out the two cases you cite, Bartell and Hanson, appear to have been decided before the statute went into effect in 2005. And I'll gladly file a supplemental brief if Your Honors would like me to do that on that statute. Afternoon, Your Honors. Counsel. I'd first like to address the idea that Hodges and the arguable claim standard should apply in this case. I'll grant you that the Supreme Court decided in Hodges that if one had an arguable basis, if a pro se defendant had an arguable basis in his petition, then it may proceed to the second stage. This post-conviction petition was filed by an attorney. He was definitively represented by counsel. So I do believe that the gist of a constitutional claim standard is still what we should apply in this case. And also the fact that it was filed by counsel flies in the face of what counsel is arguing here about fixing the affidavits. If you're represented by an attorney at the first stage, why doesn't he fix the affidavits before he files the petition in the first place? The second big elephant in the room in this case is the fact that this court found the evidence in this case proved beyond a reasonable doubt that this defendant was driving that car. The facts of this case were horrific. And it was quite clear that when the driver of the car was going 100 and some miles an hour and hit a tree, it hit the post in front of the passenger door, two seats and a hatchback, a glass hatchback in this car. When the officers came upon the scene, there was a man lying deceased outside of the passenger door. The passenger door was open. The defendant was lying next to him. And in the car, in the passenger seat wheel well, were Mr. Saucedo's legs from the knees down. It was quite clear he wasn't driving the car. Behind the vehicle was Christopher Summers, glass covering him from the hatchback of the car, laying next to the rear bumper and his bag. He had a suitcase with him. Logic, let alone the expert witness that testified, logic tells you who was driving that vehicle. Elizabeth Marco testified at this trial. She was cross-examined by defense counsel. Defense counsel asked her about whether or not Christopher Summers ever drove this Corvette. Yes. Did he drive it at a high rate of speed? Yes. Seems everybody who drove this car drove it at a high rate of speed. That's what people do. That's what people do with Corvettes, isn't it? Yes. Unfortunately, when you do that and you're drunk, you can kill people, as this defendant did. Now, Whitney Kreps, I'm not quite clear on Whitney Kreps, if she's a relative of the defendant or just a friend or whatever, but she submitted an affidavit. And she testified that Elizabeth Marco told her that she was afraid sometimes when she was in this Corvette that Chris was driving it. Okay. Let's assume that's true. Does that have any relevance to who was driving the vehicle on the night this accident occurred? No, it doesn't. Did anyone see who was driving the vehicle on the night the accident occurred? The only person living who knows that is the defendant. Nobody else could testify who got behind the wheel of that car. So we're left with common sense and the expert witness in this court's decision that that evidence was sufficient. I can't wrap my head around counsel's argument as to why this hearsay would ever be admitted in a court of law. I don't believe that. This is the defendant's affidavit. Aside from the fact that it's quite self-serving and he's attempting to retry this case, which he's never going to get to do, this hearsay would never be allowed and the trial judge said so in his written order dismissing this petition as frivolous. This is hearsay. It wouldn't be admitted. How are we going to get beyond that? We can't get beyond that. And only those two affidavits does he offer to show that he's entitled to further post-conviction proceedings. This defense counsel is going to be held to the Strickland standard. The questions he asked any witness in this trial are a matter of trial tactics and strategy and beyond allegations of ineffective assistance. Defendant is never going to be able to show prejudice by counsel's actions because he did exactly what he should have done, cross-examined the witnesses to the very limits of what he could do. I don't see anywhere in the argument that defendant has made where this is going to rise to a level where the defendant can show deficient performance. For one, I don't think he can do that. But even more importantly, there is no prejudice in the actions that counsel took at trial. And that's the standard he's going to have to meet. He has never offered that this information was available at this time of trial. Where was Whitney Kreps? Is the allegation he never interviewed her? What would have happened if he did interview her? She would have said, Elizabeth told me that she was afraid sometimes when Chris drove the car. So that's not admissible. How can you be prejudiced by any failure to investigate that if, in fact, you didn't fail to investigate it? And beyond that, the defendant's own statement I don't think is worthy of proceeding to second stage proceedings. Thank you. Mr. Cook for rebuttal. Briefly, Your Honor. I'd first like to, the first thing counsel mentioned is that defendant did have a first stage counsel. However, the Hodges standard still applies. The Illinois Supreme Court said that just three or four years later after Hodges in People v. Tate. It said even when a defendant is represented by counsel, the standards at first stage remain the same. Defendant just has to state an arguable claim of a constitutional violation. So to suggest otherwise would be inconsistent with what the Illinois Supreme Court has already rejected. And counsel also says, well, if Scott had counsel at first stage, what's the purpose of sending it back for second stage? What else could counsel do to correct any defect in the supporting documentation? Well, I think counsel could very clearly have one tool at second stage that he didn't have at first stage when filing this petition. And that's the subpoena power to have Elizabeth come in and testify at a discovery deposition about these matters. Did counsel say, I attempted to talk to counsel, file an affidavit at first stage? Did I attempt to talk to this witness? She said, get out of here. I'm not talking to you. No, counsel didn't do that. However, the Illinois Supreme Court. We don't know if that was the case or not. But we can reasonably infer, the Illinois Supreme Court has said in other situations, that when we can reasonably infer that evidence wouldn't be available to the defendant, we're not going to require the defendant to go through at the first stage where the burden is minimal. We're not going to require the defendant to state that explanation explicitly. If the difficulty of getting an affidavit from a witness is self-apparent, the defendant doesn't have to provide an explicit explanation for that. And that's what we have here. We have an adverse witness, who we can reasonably infer wouldn't be willing to cooperate. At second stage, counsel wouldn't have to rely just on her willingness to cooperate. He would actually now have the subpoena power to have a discovery deposition and determine if there is actual support out there for the allegations in the petition. That's the whole purpose of second stage, is to make those determinations. They're not meant to be made at the first stage. One other thing that strikes me is you talk about Christopher and say, well, gee, he would drive the car drunk and reckless, right? If he would drive the car drunk and reckless, if he's that kind of guy, isn't it just as a reasonable inference that he wouldn't hesitate to let somebody else drive it? It's possible. But when you have him actually telling his girlfriend on a night that he's sober that he intends to drive home, that's strong evidence that he was actually the driver. Particularly when you have a case, counsel noted that this court held this evidence was sufficient on direct appeal. But the standard here is a lot different. Obviously, your honors are familiar with the standard for judging the sufficiency of the evidence on direct appeal. And you know that you view the evidence in the light most favorable to the state, and when you have a case with expert witnesses and competing testimony, it's generally up to the trier of facts to determine which expert is reliable and which isn't. And the appellate court is going to defer to that. But when you get to a first-stage post-conviction proceeding and you have a case with competing expert testimony, that's a close case. And you now have new evidence that could have changed the outcome of that trial. And all defendant has to show, he doesn't have to show yet that he would meet the Strickland standard. He doesn't even have to show that there would be a different outcome, just that there's an arguable possibility that there is a reasonable probability of a different outcome. And where you have, go ahead, remember. We'll finish your thought. Okay. When you have a case that involves competing expert testimony, that is a close case where new evidence such as that identified in this petition could have changed the outcome. Obviously, this court, nor the trial court, had the benefit of that evidence at trial on direct appeal. And so to say that the outcome wouldn't be different, I think, is premature at this point. On the two pieces of evidence you have, so your position is in the first piece, it comes in under the Hillman standard to show you intended to do something and you would have acted in conformity with your intent. Correct. If that fits in that exception. And the second one where you're saying that we've got an instance where a person drove at a great rate of speed, recklessly, on one occasion. How do you get that in? Through Elizabeth's own observations of that trial. No, no. What basis in that, what evidentiary rule are you following for that? Just general relevance. The fact that that evidence is more probative than prejudicial. There's not a hearsay problem with that evidence because Elizabeth was in the car with Christopher on that prior occasion, so she's just testifying. How do you get evidence of one driving one time and that you drive in conformity with that second time? I don't understand. Are you just questioning the relevance? Yeah, that's not habit testimony. It's not habit testimony, but when you have a person who said on the night of the incident they were going to drive, that creates an inference they were driving. I know, but then if you have additional evidence that they've driven the car before and have done so in a way that's similar to the way that it's being driven on the night, that just strengthens that inference, so it's probative. You might argue that, but that doesn't come into the rules of evidence, does it? Evidence simply has to be probative. It has to make a material proposition marginally more likely than it would be without the evidence. The bar for something being probative is very low. We've got a lot of cases dealing with actions in the past and whether or not you can show you did one thing in the past and actually prove that you did something else later. Normally, that's not. It's not invisible to show propensity. What's it probative of? And the reason I say that, I think it is not beyond dispute that whoever drove that car was driving recklessly. No doubt. Okay? So, you know, it's like in a criminal case where you've got a guy with 400 pounds of cocaine and the prosecutor wants to get evidence that he's got a prior conviction for possession with intent. Well, I mean, he wants that in for intent. Get out of here. Because it's clear that whoever had that 400 pounds of cocaine had it with intent to deliver, right? That's true. So it's more prejudicial than probative. And in this case, when it's clear that whoever was driving that car was driving recklessly, what is the probative value of putting in a statement that this guy drove recklessly two weeks before? It's not to prove that someone was driving recklessly on the night. It's to prove the identity of the person who was driving. The fact that he had driven that way before supports an inference that he was also the person driving now. So you're going to take that same position when you've got a drug dealer after it? Well, the difference there is that obviously there are rules for other crimes evidence. You can't admit it for propensity, but if there's some other relevant purpose, you can admit it as long as it's not more prejudicial than probative. The prejudice here, I would point out again, we're not dealing with the defendant in a criminal case. The prejudice to a defendant in a criminal case is much more clear because you always have a risk that the jury is going to misuse that evidence as propensity. Here, the jury isn't deciding Christopher's guilt or innocence. They're deciding Scott's. And so the risk of prejudice by introducing some evidence of his prior acts is certainly much less, and it's still probative of identity. But if that person was the defendant, could the state put on evidence that the girlfriend said, I'm afraid to ride with him because he drives 100 miles an hour? If he was the defendant and he was on trial, would that come in? Not necessarily, because there the prejudice is going to weigh more heavily because of the risk of the jury misusing it. So it's always a balancing test, case-specific, and so if there's more prejudice in that case, maybe it wouldn't come in. These are very case-specific determinations about probative value and prejudicial effect. I don't think the evidence comes in when there's one occasion. When it's that close, one thing to consider, it's very close in time. It's just a few weeks earlier. That is one thing that's in the case law, that the time between a prior act and another act, the closer they are in time, the more probative it is. And here it goes directly to identity, and it supports the inference created by the prior statement. You can't look at those two pieces of evidence in the post-conviction petition in isolation. They both kind of serve to support the idea that it wasn't Scott who was driving. They corroborate each other, essentially, as to the defense position that Christopher was driving, and that's why it's at least arguable at this stage that the outcome of trial would have been different. So for those reasons, we would ask that Your Honors reverse the summary dismissal order and wait for a second to finish proceedings. All right. Thank you, Mr. Cook. Mr. Duffy, thank you, too. This matter will be taken under advisement and a written disposition will be issued. Right now, the Court will be in a brief recess for a panel change before the next meeting.